#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSE R. PEREZ, #R44289,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:20-cv-00728-SMY |
| | ) |
| **FRANK LAWRENCE,** | ) |
| **DR. RITZ, DR. SIDDIQUI,** | ) |
| **NURSE ZIMMER, NURSE LOCKE,** | ) |
| **A. CRAIN,** | ) |
| **JANE DOE #1 (Nurse),** | ) |
| **WEXFORD,** | ) |
| **JOHN DOES #1 and #2 (C/O's),** | ) |
| **COUNSELOR MEYER,** | ) |
| **COUNSELOR CARTER, and** | ) |
| **ANTHONY WILLS, WARDEN OF** | ) |
| **MENARD CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jesse R. Perez, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth and Fourteenth Amendments for Defendants' deliberate indifference to his medical conditions and seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): Around 2:00 a.m. on June 25, 2019, Plaintiff woke up to a sharp pain on the right side of his abdomen. (Doc. 1, p. 5). He asked C/O John Doe #1 to summon medical help. Soon after, Plaintiff told Nurse Jane Doe #1 about his severe pain and repeated vomiting. Nurse Jane Doe #1 told Plaintiff she would give him pepto-bismol since he had no problems with defecation.

When C/O John Doe #2 brought the pepto-bismol, Plaintiff asked to see another medical provider due to the severity of his pain, but John Doe #2 ignored the request. *Id.* Plaintiff then asked John Doe #1 to summon a med tech, doctor, or someone who could send him to the hospital because the pepto-bismol had not helped. John Doe #1 responded that nobody was available but the nurse and if Plaintiff had something serious like appendicitis, he would not be able to talk and move around as he was and would be urinating blood. John Doe #1 then left the gallery. (Doc. 1, p. 6).

Later the same day, another officer (Cornstubble, who is not a Defendant) took Plaintiff for a sick call visit where he was seen by Nurse Practitioner Zimmer. She scheduled Plaintiff to have an x-ray the following day. (Doc. 1, p. 7). Plaintiff continued to have severe stomach pain and vomiting. He had the x-ray and a few hours later noticed that a lump had developed in his right testicle.

Plaintiff saw Nurse Locke[1] and told her he needed to go to the hospital, but she refused because his x-rays were not back. Locke collected a urine sample from Plaintiff that evening which was reddish in color. Plaintiff told her again about his severe pain, vomiting, loss of appetite, and lump in his testicle, but Locke did nothing else. (Doc. 1, p. 9).

---

[1] The date of this encounter with Nurse Locke is unclear; Plaintiff states it was on March 22, 2019, but that is clearly an error. (Doc. 1, p. 8).

On June 28, 2019, Plaintiff reported to the C/O that his symptoms were continuing and his stomach had become extremely bloated and tender to the touch. The C/O took him to see Zimmer, who said she would send Plaintiff to the hospital. (Doc. 1, pp. 9-10).

Plaintiff was transported by ambulance to Chester Memorial Hospital ("Chester") where doctors determined that his appendix had ruptured and he had an infection. *Id.* After his emergency appendectomy, the surgeon informed Plaintiff that the infection had spread to his kidneys, lungs, stomach, and right testicle. (Doc. 1, p. 11). Plaintiff was then transferred to Missouri Baptist Hospital because the necessary surgery on his testicle/scrotum could not be done at Chester. He returned to Menard on July 17, 2019.

In September 2019, Plaintiff inquired of the surgeon at Chester about the plan for more surgery to move his right testicle back into place in his scrotum.[2] The Chester surgeon told Plaintiff he would have to ask the Missouri Baptist Hospital surgeon who had performed his scrotum surgery. (Doc. 1, p. 12). When Plaintiff had a follow-up with that surgeon, he stated there were no plans for further surgery and Plaintiff would have to see a plastic surgeon about the issue. *Id.* At Menard, Dr. Siddiqui indicated he would inquire about the testicle surgery.

In November 2019, Plaintiff again developed stomach pain, as well as frequent defecation and discomfort (tightening and squeezing) in his right testicle. (Doc. 1, p. 13). Dr. Siddiqui issued prescriptions and adjusted Plaintiff's medications in an effort to remedy the stomach and bowel problems. (Doc. 1, pp. 14-15). Dr. Siddiqui told Plaintiff he would not have any further surgery to restore his testicle placement because the surgeon indicated it was not needed. (Doc. 1, p. 14). When Plaintiff informed Dr. Siddiqui of his ongoing discomfort with his right testicle, he ignored

---

[2] Plaintiff's attached grievances state that the surgery performed at Missouri Baptist Hospital involved moving his right testicle from his scrotum into a "pouch" created in his right thigh in order to treat the infection. (Doc. 1, pp. 22-23, 27).

3

the problem.  (Doc. 1, pp. 14-15).

Plaintiff filed grievances over the June 2019 delay in medical care and the denial of further surgery for his testicle/scrotum.  Counselor Meyer and Counselor Carter handled the grievances which were denied and/or found untimely.  (Doc. 1, pp. 12-13).

Warden Lawrence and John Doe C/Os #1 and #2 were aware of Plaintiff's pain and the fact he was not receiving adequate medical treatment for his appendicitis but were deliberately indifferent.  (Doc. 1, pp. 15-16).  Likewise, medical provider defendants Crain, Dr. Ritz, Dr. Siddiqui, Zimmer, Locke, and Nurse Jane Doe #1 were aware of his appendicitis, stomach pain, and scrotum problems but failed to provide him with adequate and timely medical treatment.  (Doc. 1, p. 16-17).

Defendant Wexford maintains a "policy and/or widespread practice that requires health care providers at [Menard] to deny necessary medical care and treatment in an effort to cut costs" and a practice of understaffing that causes delays in treatment.  (Doc. 1, p. 17).  Plaintiff seeks monetary damages and an order requiring the IDOC to complete his scrotum surgery to relocate his right testicle back to its normal location.  *Id.*

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against John Doe C/O #1 and John Doe C/O #2 for delaying necessary medical care for Plaintiff's ruptured appendix in June 2019; the delay led to complications including widespread infection. |
| Count 2: | Eighth Amendment deliberate indifference claim against Crain, Ritz, Siddiqui, Zimmer, Locke, and Nurse Jane Doe #1, for delaying necessary medical care for Plaintiff's ruptured appendix in June 2019; the delay led to complications including widespread infection. |
| Count 3: | Eighth Amendment deliberate indifference claim against Crain, Ritz, Siddiqui, Zimmer, Locke, and Nurse Jane Doe #1, for denying |

4

|  |  |
|---|---|
|  | corrective surgery for Plaintiff's testicle. |
| Count 4: | Eighth Amendment deliberate indifference to serious medical needs claim against Lawrence for delaying necessary medical care for Plaintiff's ruptured appendix and denying corrective surgery for Plaintiff's testicle. |
| Count 5: | Eighth Amendment deliberate indifference claim against Siddiqui for failing to adequately treat Plaintiff's testicular and abdominal symptoms in November-December 2019. |
| Count 6: | Fourteenth Amendment due process claim against Lawrence, John Doe C/O #1, John Doe C/O #2, Crain, Ritz, Siddiqui, Zimmer, Locke, and Nurse Jane Doe #1, for delaying and/or denying Plaintiff necessary medical care as described in Counts 1, 2, 3, 4, and 5. |
| Count 7: | Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for maintaining a policy/practice that requires Menard health care providers to deny necessary medical treatment to cut costs, and for maintaining a policy/practice of understaffing medical providers at Menard, which caused delays and denial of care for Plaintiff's ruptured appendix and follow-up corrective surgery for Plaintiff's testicle. |
| Count 8: | Fourteenth Amendment due process claim against Meyer and Carter for denying Plaintiff's grievances complaining of the denial and/or delays in his medical care. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs.

5

*Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

Plaintiff's allegations are sufficient for the deliberate indifference claim in Count 1 to proceed against John Doe C/O #1 and John Doe C/O #2.

### Count 2

Based on the allegations regarding the response or lack of response to Plaintiff's requests for medical attention for his severe abdominal pain and other symptoms June 25-28, 2019, the deliberate indifference claim against Nurse Jane Doe #1, Locke, and Zimmer in Count 2 will be allowed to proceed.  However, the claims in Count 2 against the remaining defendants will be dismissed.  Plaintiff does not set forth any facts suggesting that Crain, Dr. Ritz, or Dr. Siddiqui had knowledge of Plaintiff's abdominal pain and other symptoms between the time the symptoms first appeared and his transfer to the hospital on June 28, 2019.  Likewise, the allegations do not indicate that Crain, Ritz, or Siddiqui were involved in making decisions that delayed Plaintiff's medical care for his ruptured appendix.

### Count 3

Plaintiff's factual allegations are not entirely clear with respect to which Defendants made the decision to deny follow-up surgery to correct the placement of his testicle.  He describes Dr.

Ritz as the "gatekeeper" doctor employed by Wexford and Dr. Siddiqui as the "medical director" at Menard, also employed by Wexford. (Doc. 1, p. 2). Based on these descriptions and Dr. Siddiqui's alleged inquiry regarding the surgery, subsequent statement to Plaintiff that the testicle surgery was not needed, and knowledge of Plaintiff's ongoing discomfort related to his testicle, Count 3 will proceed against Drs. Siddiqui and Ritz.

The Complaint contains no factual allegations suggesting that Crain,[3] Zimmer, Locke, or Nurse Jane Doe #1 played any role in the decision to deny Plaintiff's follow-up surgery. As such, the claim in Count 3 is dismissed without prejudice as to Crain, Zimmer, Locke, and Nurse Jane Doe #1.

## Count 4

Defendant Lawrence was the Warden of Menard during the time Plaintiff's claims arose. However, the Complaint contains no factual allegations suggesting that Lawrence was aware of Plaintiff's symptoms in June 2019. Likewise, there are no allegations suggesting Lawrence's knowledge of or involvement in the decision to deny the follow-up surgery to relocate his testicle. Lawrence cannot be held liable merely because he may have been the supervisor of other Defendants who allegedly committed constitutional violations. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (no supervisory liability in § 1983 actions). Accordingly, the deliberate indifference claim against Lawrence will be dismissed without prejudice.

## Count 5

Plaintiff alleges that Dr. Siddiqui gave him medications, but his stomach/bowel symptoms were not relieved and became worse. He also alleges that Dr. Siddiqui failed to address his

---

[3] Crain's signature appears on a January 10, 2020, summary of Plaintiff's medical record that was prepared to respond to his grievance, but that document does not indicate that Crain made any decisions regarding his care. (Doc. 1, pp. 41-42; 44-45).

recurring sensations of tightening, stretching, and squeezing of his right testicle every time he bent the area. (Doc. 1, pp. 14-15). Ineffective treatment, such as the medication Siddiqui prescribed to address Plaintiff's stomach and bowel issues, does not amount to deliberate indifference. Therefore, Plaintiff states no claim for this portion of Count 5 and it will be dismissed without prejudice. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008).

However, Plaintiff also claims Dr. Siddiqui took no steps to relieve his ongoing testicular discomfort after the surgery was denied. This alleged failure to act may amount to deliberate indifference if Dr. Siddiqui knowingly disregarded a condition that involved chronic and substantial pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). On that basis, Count 5 will proceed against Dr. Siddiqui for deliberate indifference to Plaintiff's testicle condition only.

**Count 6**

Plaintiff invokes the Eighth and Fourteenth Amendments as the bases for his claims regarding the delay and denial of medical treatment. (Doc. 1, pp. 16-17). However, he does not articulate any grounds for a distinct Fourteenth Amendment claim. Accordingly, Count 6 will be dismissed without prejudice as duplicative of the Eighth Amendment deliberate indifference claims set forth in Counts 1-5. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").

**Count 7**

Plaintiff states a colorable deliberate indifference claim against Wexford (Wexford Health Sources, Inc.) based on its alleged policies/practices to deny treatment based on cost and to delay care by understaffing at Menard. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917,

927 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff alleges that his care was delayed, and that Drs. Ritz and Siddiqui denied his follow-up surgery based on these official policies espoused by Wexford. Therefore, the claim against Wexford in Count 7 will proceed.

## Count 8

The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, Plaintiff's claims against Meyer and Carter, who handled the grievances Plaintiff filed to complain about other Defendants' delay or denial of medical care, do not amount to constitutional violations. Accordingly, Count 8 will be dismissed with prejudice.

## Official Capacity Claims

Plaintiff sues the individual Defendants in both their individual and official capacities. However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual Defendants who remain in the action are dismissed without prejudice.

## Injunctive Relief

Because the Complaint includes a request for injunctive relief, Anthony Wills, Warden of Menard Correctional Center, in his official capacity, will be added as a Defendant. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### John/Jane Doe Defendants

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the Doe Defendants. Anthony Wills, Warden of Menard Correctional Center, in his official capacity, is the proper defendant for purposes of responding to discovery aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

Portions of the Complaint survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed as follows: **COUNT 1** will proceed against **John Doe C/O #1** and **John Doe C/O #2**; **COUNT 2** will proceed against **Nurse Jane Doe #1**, **Locke**, and **Zimmer**; **COUNT 3** will proceed against **Ritz** and **Siddiqui**; **COUNT 5** will proceed against **Siddiqui** on Plaintiff's testicular symptoms only; and **COUNT 7** will proceed against **Wexford**.

The Clerk of Court is **DIRECTED** to **ADD ANTHONY WILLS, WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only)** to the docket for purposes of Plaintiff's request for injunctive relief and for purposes of responding to discovery aimed at identifying the Doe Defendants.

The following claims and Defendants are dismissed: **COUNTS 4** and **6** are **DISMISSED** without prejudice; **COUNT 8** is **DISMISSED** with prejudice; and **DEFENDANTS LAWRENCE, CRAIN, MEYER,** and **CARTER** are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them from this action.

The Clerk shall prepare for **RITZ, SIDDIQUI, ZIMMER, LOCKE, WEXFORD**, and **WARDEN OF MENARD CORRECTION CENTER (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the

costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:   January 26, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.