## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JESSE R. PEREZ, #R44289,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00728-SMY |
| | ) |
| **FRANK LAWRENCE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**:

Plaintiff Jesse R. Perez, who is currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The case is now before the Court on Plaintiff's Motion to Reconsider the Court's January 26, 2021 Merit Review Order (Doc. 20).

The Federal Rules of Civil Procedure do not contemplate a motion to reconsider. However, the Seventh Circuit approves of district courts construing motions to reconsider under Rule 59(e). *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) provides a basis for relief, where a party challenges the Court's application of the law to the facts of the case and permits a district court to exercise its discretion to correct its own errors. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989); *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999). A Rule 59(e) motion will be granted upon a showing of manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. Rather, it is the wholesale disregard, misapplication, or failure to recognize

controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal citations omitted).

Plaintiff contends the dismissal of Dr. Ritz, Dr. Siddiqui, and Warden Lawrence was erroneous because they had a duty based on their positions to ensure subordinates are abiding by constitutional requirements.  However, in order to state a viable claim under § 1983, Plaintiff must set forth facts showing that each defendant was personally involved in the alleged deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").  The doctrine of *respondeat superior* does not apply to actions filed under § 1983 and therefore, supervisors cannot be held liable for the errors of their subordinates.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  Plaintiff's Complaint contained no allegations suggesting that Dr. Ritz, Dr. Siddiqui, or Warden Lawrence had knowledge of Plaintiff's symptoms in June 2019 or were involved in making decisions that delayed his medical care.  Thus, the dismissal of these defendants was proper.

Plaintiff also contends the dismissal of Counselors Meyer and Carter was erroneous because they mishandled his grievances.  "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the

conduct forming the basis of the grievance."). Accordingly, the dismissal of Meyer and Carter was proper.

The Court finds there is no manifest error of fact or law in its January 26, 2021 Order and, therefore, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 19, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**