IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE R. PEREZ, #R44289, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-cv-00728-SMY |
| | ) |
| STEPHEN RITZ, | ) |
| MOHAMMED SIDDIQUI, | ) |
| MARY JO ZIMMER, | ) |
| TATIKA LOCKE, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| and ANTHONY WILLS, WARDEN OF | ) |
| MENARD CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 65) on the issue of exhaustion of administrative remedies. For the following reasons, Defendants' motion is **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Plaintiff Jesse R. Perez, an inmate of the Illinois Department of Corrections, filed the instant lawsuit on July 27, 2020 pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. He makes the following allegations in the Complaint (Doc. 1): Plaintiff woke up to a sharp pain on the right side of his abdomen on June 25, 2019. He saw Nurse Practitioner Zimmer and she scheduled x-rays for the following day. He continued to have severe stomach pain and vomiting. Additionally, a lump developed in his right testicle. He subsequently saw Nurse Locke and told her he needed to go to the hospital. Locke collected a urine sample from Plaintiff that was reddish in color. He told her again about his severe

pain, vomiting, loss of appetite, and lump in his testicle, but Locke did nothing else.

On June 28, 2019, Plaintiff reported to a correctional officer that his symptoms were continuing and his stomach had become extremely bloated and tender to the touch. The officer took him to see Zimmer and she sent him to Chester Memorial Hospital. He was diagnosed with a ruptured appendix and an infection. After an emergency appendectomy, the surgeon informed Plaintiff that the infection had spread to his kidneys, lungs, stomach, and right testicle. Plaintiff was then transferred to Missouri Baptist Hospital for a surgery to move his right testicle into a "pouch" created in his right thigh in order to treat the infection.

In November 2019, Plaintiff again developed stomach pain, as well as frequent defecation and discomfort (tightening and squeezing) in his right testicle. Dr. Siddiqui adjusted Plaintiff's medications in an effort to remedy the stomach and bowel problems. Dr. Siddiqui told Plaintiff he would not have any further surgery to restore his testicle placement because the surgeon indicated it was not needed. When Plaintiff informed Dr. Siddiqui of his ongoing discomfort with his right testicle, he ignored the problem.

Wexford maintains a "policy and/or widespread practice that requires health care providers at [Menard] to deny necessary medical care and treatment in an effort to cut costs" and a practice of understaffing that causes delays in treatment. As a result of Wexford's policies and/or practices, medical treatment was delayed and/or denied for Plaintiff's ruptured appendix and the corrective surgery for his right testicle.

After preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on the following claims (Doc. 11):

> Count 2: Eighth Amendment deliberate indifference claim against Zimmer and Locke for delaying necessary medical care for Plaintiff's ruptured appendix in June 2019; the delay led to complications including widespread infection.

2

> Count 3: Eighth Amendment deliberate indifference claim against Ritz and Siddiqui for denying corrective surgery for Plaintiff's testicle.
>
> Count 5: Eighth Amendment deliberate indifference claim against Siddiqui for failing to adequately treat Plaintiff's testicular and abdominal symptoms in November-December 2019.
>
> Count 7: Eighth Amendment deliberate indifference to serious medical needs claim against Wexford for maintaining a policy/practice that requires Menard health care providers to deny necessary medical treatment to cut costs, and for maintaining a policy/practice of understaffing medical providers at Menard, which caused delays and denial of care for Plaintiff's ruptured appendix and follow-up corrective surgery for Plaintiff's testicle.

Defendants argue that Plaintiff failed to exhaust any grievance regarding the claim in Count 2 against Zimmer and Locke and failed to file any grievance related to the claims in Counts 3, 5, and 7 against Dr. Ritz, Dr. Siddiqui, and Wexford. In response, Plaintiff argues the prison was made aware of his medical needs when he informed prison staff of his pain and Wexford was aware because its employees were involved. He also argues that all of his grievances were timely and he discussed seeing Dr. Siddiqui for stomach pain in one of the grievances.[1]

## **GRIEVANCE RECORDS**

The following grievances relating to the claims in this lawsuit were submitted at all levels of the grievance process:

Grievance #347-7-19, dated July 24, 2019 (Doc. 66-1, pp. 18-26, 58; 66-2, pp. 52-61, 66): Plaintiff grieved a denial of proper medical treatment for his abdominal pain in June 2019. He identifies the dates of treatment as June 26-28, 2019 with Zimmer and Locke. A counselor responded to the grievance on January 28, 2020, a grievance officer denied the grievance as moot

---

[1] Plaintiff makes a number of other arguments related to the merits of his claims as opposed to grievance issues. He also continues to seek denial of Defendants' motion due to a delay in his receipt of the motion and exhibits. The Court granted Plaintiff an extension of time to respond to the motion due to the delay to address that issue.

on February 19, 2020, and the Chief Administrative Officer ("CAO") concurred on February 20, 2020. The Administrative Review Board ("ARB") received the grievance on February 27, 2020. The ARB denied the grievance on September 22, 2020 based on its determination that the issue was appropriately handled by facility administration.

Grievance #336-10-19, dated October 23, 2019[2] (Doc. 66-1, pp. 30-35, 52-54; 66-2, p. 34, 37-38, 40): This grievance was submitted while grievance #374-7-19 was pending review at the counselor level. Plaintiff submitted the grievance as an emergency, but it was deemed nonemergent by the CAO on October 29, 2019. Plaintiff again grieves a denial of proper medical treatment of his abdominal pain in June 2019. Additionally, he states that after returning to Menard on July 17, 2019, he did not receive proper medical care from various unidentified nurses, the wound vac did not work properly, and he needs surgery for his right testicle. A counselor responded on December 17, 2019 that the grievance was submitted out of time frame. A grievance officer noted grievance #347-7-19 was pending review at the counselor level and denied the grievance as out of time frame/duplicative on January 2, 2020. The CAO concurred on January 7, 2020. The ARB received the grievance on January 17, 2020 and returned it on February 3, 2020. The ARB stated the grievance was "[n]ot submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further." (Doc. 66-1, p. 30).

Grievance #169-12-19, dated December 15, 2019 (Doc. 66-1, pp. 39-47; 66-2, p. 25-32, 41-48): Plaintiff again grieves issues relating to the treatment of his abdominal pain in June 2019. His complaints are duplicative of grievance #347-17-19, which was still pending review at the counselor level. Plaintiff also states that he saw Dr. Siddiqui in November 2019 regarding stomach issues and frequent defecation. He includes a request that his right testicle be placed back in his

---

[2] The date of this grievance is not entirely legible. There is an October 28, 2019 received stamp on the grievance. Defendants state the date as October 23, 2019.

right scrotum. A counselor responded on December 18, 2019 that the grievance was submitted out of time frame. A grievance officer noted grievance #347-7-19 denied the grievance as out of time frame and duplicative on January 3, 2020. The CAO concurred on January 7, 2020. The ARB received the grievance on January 17, 2020 and returned it on February 3, 2020. The ARB stated the grievance was "[n]ot submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further." (Doc. 66-1, p. 30).

## DISCUSSION[3]

Failure to exhaust administrative remedies is an affirmative defense properly raised in a motion for summary judgment to be resolved by the judge. *Pavey,* 544 F.3d at 740. Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies prior to filing lawsuits in federal courts with regard to prison conditions. 42 U.S.C. § 1997e(a). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion is mandatory – a lawsuit filed by a prisoner before administrative remedies have been exhausted must be dismissed. *Ford v. Johnson*, 362 F.3d 395, 398 (2004).

As an inmate in the Illinois Department of Corrections, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). The regulations require an inmate to file his grievance with his counselor

---

[3] The Court finds no relevant factual disputes as to the grievances in question or any other issues necessitating an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

within sixty days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance is then submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination of the grievance "within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances." 20 ILL. ADMIN. CODE § 504.850(d), (e).

Additionally, to satisfy the administrative regulations, the grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). In other words, an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

### Count 2 - Zimmer and Locke

Plaintiff raised the issue of a denial of proper medical care in June 2019 by Zimmer and Locke in all three grievances. However, grievances #336-10-19 and #169-12-19 were submitted more than sixty days after the medical treatment at issue. Because those grievances fail to comply with the requirements of § 504.810(a), they cannot serve to exhaust the subject matter of the claim in Count 2 against Zimmer and Locke.

Grievance #347-7-19 was timely submitted at all levels of the grievance process, but Plaintiff failed to allow the administrative process to run its course prior to filing this lawsuit. Plaintiff filed suit on July 27, 2020, before the ARB's September 22, 2020 decision on the grievance. Pursuant to IDOC regulations, the ARB is entitled to at least six months to respond to a grievance appeal. 20 ILL. ADMIN. CODE § 504.850(e). Exhaustion requires the prisoner to not only file the grievance/appeal with the ARB, but also to provide the ARB an opportunity to address the appeal. As such, Plaintiff was required to wait at least six months from the time the ARB received the grievance before he could proceed to litigation. *See Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004). He filed the instant lawsuit approximately one month before the six-month period had lapsed. For these reasons, the motion will be granted as to the claim in Count 2 against Zimmer and Locke.

### Count 3 – Ritz and Siddiqui

Plaintiff did not grieve that he was denied corrective surgery for his right testicle in any grievance in the record. Although he asks to be sent back to the hospital to have surgery regarding his right testicle in grievances #336-10-19 and #169-12-19, there is no mention that he has been denied the surgery by Dr. Ritz or Dr. Siddiqui. It appears he is merely alleging the need for the surgery as a consequence of the alleged delay in medical treatment by Zimmer and Locke in June 2019. Accordingly, the motion will be granted as to the claim in Count 3 against Ritz and Siddiqui.

### Count 5 - Siddiqui

Grievance #169-12-19 discusses issues with medical treatment for Plaintiff's abdominal pain in June 2019 as well as issues he had with his stomach in November and December 2019. Plaintiff describes visits with several health care providers in November 2019, including Dr.

Siddiqui. Although the counselor, grievance officer, CAO, and ARB deemed the grievance a duplicate and untimely, they did so as to the medical treatment issues in June 2019.

While grievance officials may properly decline to address a grievance when a prisoner has not met the grievance process requirements, and such a denial is usually considered a failure to exhaust, in this instance, the grievance officials incorrectly concluded that the grievance was duplicative and untimely as it pertained to Dr. Siddiqui's treatment of Plaintiff's stomach pain in November 2019. Thus, grievance #169-12-19 was timely submitted at all levels of the grievance process and gave prison officials a fair opportunity to address Plaintiff's complaint that he did not receive proper care for his stomach issues in November 2019 when treated by Dr. Siddiqui. However, there is nothing in the grievance regarding an alleged failure to treat Plaintiff's testicle issue. Accordingly, the motion will be granted in part and denied in part as to the claim in Count 5. Plaintiff will be allowed to proceed only on the claim in Count 5 that Dr. Siddiqui failed to adequately treat Plaintiff's abdominal symptoms in November 2019.

### Count 7 - Wexford

The claim against Wexford is based on alleged delays and denial of care for Plaintiff's ruptured appendix and follow-up corrective surgery for his right testicle. As discussed above, Plaintiff did not exhaust administrative remedies as to those claims. Accordingly, the motion will be granted as to the claim in Count 7 against Wexford.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 65) is **GRANTED in part and DENIED in part**; the motion is **GRANTED** as to the claims in Counts 2, 3, and 7 and Defendants Zimmer, Locke, Ritz, and Wexford; the motion is **GRANTED in part and DENIED in part** as to the claim in Count 5 against Dr. Siddiqui.

The claims in Counts 2, 3, and 7 and Defendants Zimmer, Locke, Ritz, and Wexford are **DISMISSED without prejudice**. The claim in Count 5 against Defendant Siddiqui for failure to adequately treat Plaintiff's testicular symptoms is also **DISMISSED without prejudice**. Further, because Anthony Wills is a defendant in his official capacity as the Warden of Menard Correctional Center for purposes of Plaintiff's claim for injunctive relief pertaining to testicle surgery and that claim is not proceeding, he is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate Zimmer, Locke, Ritz, Wexford, and Wills as parties and enter judgment in accordance with this Order at the close of the case.

This matter shall proceed on the following claim (as modified):

Count 5: Eighth Amendment claim against Siddiqui for exhibiting deliberate indifference to Plaintiff's serious medical needs related to abdominal symptoms in November 2019.

**IT IS SO ORDERED.**

**DATED: July 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
