IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE PEREZ, #R44289, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-00728-SMY |
| | ) |
| MOHAMMED SIDDIQUI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Mohammed Siddiqui, M.D. (Doc. 117). Plaintiff Jesse Perez responded to the motion (Doc. 120). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 on July 27, 2020, alleging deprivations of his constitutional rights at Menard Correctional Center between June 2019 and November 2019 relating to abdominal complaints, a ruptured appendix, and testicle discomfort (Doc. 1). Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on two counts against Dr. Siddiqui and two additional counts involving other Defendants (Doc. 11, pp. 4-10). Subsequently, the Court granted in part Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies (Doc. 87). After dismissal of the unexhausted claims, the only remaining claim in this action is a portion of Count 5 against Dr. Siddiqui:

> Count 5: Eighth Amendment claim against Siddiqui for exhibiting deliberate indifference to Plaintiff's serious medical needs related to abdominal symptoms in November 2019.

(Doc. 87, p. 9).

## FACTS[1]

Dr. Siddiqui was the Medical Director at Menard Correctional Center from June 12, 2017, until August 2021 (Doc. 118, p. 2; Doc. 118-3, p. 1). He saw Plaintiff twice during the relevant period for abdominal complaints; on November 5, 2019 and December 9, 2019 (Doc. 118, pp. 2-3, 7; Doc. 120, pp. 8-9).

Plaintiff had previously seen a nurse on October 29, 2019, after he reported abdominal pain, leg discomfort and limping, and having six to seven bowel movements daily for the past week (Doc. 118-2, p. 2; Doc. 118-2, p. 2; Doc. 118-3, p. 2). The nurse diagnosed non-specific discomfort and referred Plaintiff to Dr. Siddiqui (Doc. 118, p. 2). Plaintiff asserts the record of that visit is incomplete because it fails to mention the abdominal pain he reported or the fact that he had suffered from the leg weakness, pain, and limping ever since his surgery (Doc. 120, p. 7).

Plaintiff saw a nurse practitioner on November 4, 2019 for a one-month follow up after his infirmary discharge[2] (Doc. 118, p. 2; Doc. 118-2, p. 3; Doc. 118-3, p. 2). The NP prescribed Mintox[3] tablets, three times daily for two weeks. *Id*.

The next day (November 5, 2019), Plaintiff saw Dr. Siddiqui, who diagnosed abdominal cramping and noted Plaintiff was having soft stools seven to eight times per day that were not food related. He noted that Plaintiff had no diarrhea, constipation, or vomiting and that Plaintiff had been taking ibuprofen for back pain. (Doc. 118, p. 2; Doc. 118-2, p. 4; Doc. 118-3, p. 2). Dr. Siddiqui discontinued that medication, directed Plaintiff to use Tylenol for pain, and kept him on

---

[1] This summary of facts is taken from Defendant's statement of "Undisputed Material Facts" (Doc. 118, pp. 1-3) and Plaintiff's response to that statement (Doc. 120, pp. 5-17), noting where Plaintiff disputes Defendant's summary.
[2] Plaintiff remained in the prison infirmary until September 30, 2019, for post-surgical recovery (Doc. 66-1, p. 45).
[3] Defendant explains that Mintox is used to treat symptoms associated with excess stomach acid, such as stomach upset, heartburn, and acid indigestion (Doc. 118, p. 2; Doc. 118-3, p. 3).

Mintox. *Id.* Plaintiff states that Dr. Siddiqui's record is incomplete because it fails to mention his limping, testicle surgery, or abdominal pain, and wrongly states Plaintiff did not have diarrhea (Doc. 120, p. 8).

Plaintiff's next health care visit for his stomach issues was on November 27, 2019 with a nurse (Doc. 118, p. 3; Doc. 118-2, pp. 5-6; Doc. 118-3, p. 2). He reported defecating six times per day since his return from the hospital. The nurse diagnosed alteration in bowel elimination and referred Plaintiff to Dr. Siddiqui. Plaintiff objects to this record because the nurse did not mark on the form that Plaintiff's "symptoms continue despite treatment protocol" or that he had "persistent diarrhea for 2 days or more" (Doc. 120, p. 8).

Dr. Siddiqui saw Plaintiff on December 9, 2019. He noted that Plaintiff reported his diarrhea had improved, he had no abdominal pain, and his abdomen was normal. He discontinued the Mintox prescription (Doc. 118, p. 3; Doc. 118-2, p. 7; Doc. 118-3, pp. 2-3). Plaintiff asserts that Dr. Siddiqui's "diarrhea improved" notation contradicts the doctor's own statement on November 5, 2019, that Plaintiff did *not* have diarrhea at that time (Doc. 120, p. 9). He also disputes Dr. Siddiqui's record that he had no abdominal pain on December 9, 2019. *Id.*

Plaintiff's weight was recorded at each of the above visits and ranged from 223 pounds on October 29, 2019, to 226 pounds on November 27, 2019, to 235 pounds when he sought treatment on January 15, 2020, for dry skin (Doc. 118, pp. 2-3; Doc. 118-2, p. 8; Doc. 118-3, pp. 2-3).

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is

made, the non-moving party must identify specific facts in the record showing that genuine issues of material fact exist precluding summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, the court "…must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen v. Finantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014).

The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. *Machicote v. Roethlisberger*, 969 F.3d 822, 827 (7th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An inmate proceeding on a claim of deliberate indifference to medical needs must offer evidence that he suffered from an objectively serious medical condition, and that the defendant knew of and disregarded a substantial risk of harm. *Murphy v. Wexford Health Sources Inc.*, 962 F.3d 911, 915 (7th Cir. 2020).

A medical condition is objectively serious if it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would perceive the need for a doctor's attention." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). An inmate may establish deliberate indifference to such a condition by demonstrating that the treatment he received was blatantly inappropriate. *Greeno*, 414 F.3d at 654. In other words, medical professionals are entitled to deference in treatment decisions unless "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Disagreement between an inmate and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

Dr. Siddiqui argues he is entitled to summary judgment because Plaintiff was not diagnosed with a serious medical condition, and that his course of treatment was correct and represented the best care and treatment for Plaintiff's symptoms. Significantly, Dr. Siddiqui determined in November 2019 that Plaintiff's condition required treatment. He ordered that Plaintiff continue taking one medication and discontinued another. This evidence is sufficient to support a finding that Plaintiff's conditions was objectively serious. *See Greeno*, 414 F.3d at 653. That said, the evidence on record do not present a triable issue on the subjective element of Plaintiff's claim – that Dr. Siddiqui was deliberately indifferent to his condition.

Defendant Siddiqui first saw Plaintiff regarding his symptoms on November 5, 2019, after two other medical providers had assessed Plaintiff and made the doctor referral. The previous day, the nurse practitioner had prescribed a two-week course of treatment with Mintox for Plaintiff. Dr. Siddiqui noted Plaintiff's abdominal cramping and frequent soft stool elimination, which he did not categorize as diarrhea in his medical record from that visit. He discontinued Plaintiff's use of ibuprofen for his back pain, directing him to use Tylenol for pain instead, and kept Plaintiff on the Mintox.

Plaintiff complains that Dr. Siddiqui's record of that visit is incomplete because it fails to mention his abdominal pain and incorrectly states that he did not have diarrhea. But Dr. Siddiqui's note indicating that Plaintiff had abdominal cramping and frequent soft bowel movements encompasses Plaintiff's pain and bowel issues. The dispute over word choice does not raise a material issue of fact as to whether Dr. Siddiqui was deliberately indifferent to Plaintiff's needs. Dr. Siddiqui exercised his medical judgment by continuing the Mintox for treatment of Plaintiff's abdominal symptoms and changing his pain medication to one that was less likely to cause or

aggravate abdominal distress.[4]  Dr. Siddiqui's actions during this encounter cannot be reasonably found to constitute deliberate indifference to Plaintiff's condition.

Plaintiff's only other visit to Dr. Siddiqui during the relevant period was on December 9, 2019.  According to the records of that visit, Plaintiff reported that his diarrhea had improved and he had no abdominal pain.  Dr. Siddiqui examined Plaintiff, noted his abdomen was normal, and determined he no longer needed to take Mintox.  He did not order any further treatment.

Plaintiff's argument that Dr. Siddiqui contradicted himself by noting the diarrhea had improved, when he had not diagnosed Plaintiff with diarrhea on November 5, 2019, is of no consequence and does not establish deliberate indifference.  No matter what label was used to describe Plaintiff's bowel symptoms, Dr. Siddiqui concluded that Plaintiff reported improvement.  Based on that information, additional treatment was not warranted, and Plaintiff has not presented any evidence to the contrary.  Again, there is no factual basis for a reasonable jury to conclude that Defendant was deliberately indifferent on that occasion.

Plaintiff claims that medical staff refused to document his complaints of stomach issues after his December 9, 2019 visit with Dr. Siddiqui.  But Plaintiff has not submitted any evidence that Dr. Siddiqui denied any request for treatment that Plaintiff may have made.  As such, there is no evidence to support a conclusion that Dr. Siddiqui was deliberately indifferent to Plaintiff's condition subsequent to the December 9, 2019 visit.

In sum, Plaintiff has not identified any facts in the record demonstrating the existence of a genuine dispute of material fact on the issue of Defendant Siddiqui's alleged deliberate indifference to Plaintiff's abdominal symptoms as described in Count 5.

---

[4] *See* https://www.mayoclinic.org/drugs-supplements/ibuprofen-oral-route/side-effects/drg-20070602 (last visited March 20, 2024) (Ibuprofen common side effects include abdominal pain, acid/sour stomach, diarrhea or constipation, and indigestion).

**DISPOSITION**

For the foregoing reasons, the Motion for Summary Judgment (Doc. 117) is **GRANTED**. Defendant Mohammed Siddiqui and the claims against him are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 30, 2024

_____
**STACI M. YANDLE**
**United States District Judge**

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be without merit or frivolous, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.